Shan Davis (SBN 9323)
**SHAN DAVIS & ASSOCIATES**
**DBA DAVIS|STIBOR**
410 S. Rampart Blvd., Ste. 390
Las Vegas, NV  89101
Telephone: (702) 726-6885
Fax: (702) 933-1464
shandavis@cox.net

Steven R. Dunn
Dunn Firm, P.C.
5420 LBJ Freeway, Suite 577
Dallas, Texas 75240
Telephone: (214) 692-5533
Fax: (214) 692-5534
steven@dunnlawfirm.net
*Admitted Pro Hac Vice*

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Michael Whiteman,<br><br>               Plaintiff,<br>vs.<br><br>DIVERSIFIED CONSULTANTS, INC., and DOES 1-10, inclusive,<br><br>               Defendants. | Case No.: 2:12-cv-02139-APG-GWF<br><br>~~AGREED UPON~~ PROTECTIVE ORDER |

Upon request of the parties, the Court is of the opinion the following Order should be entered. Accordingly,

IT IS ORDERED that:

1. All Confidential Information produced or exchanged in the course of this lawsuit shall be used solely for its preparation and trial, and for no other purpose whatsoever.

Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order.

2. "Confidential Information" means any portion of the parties' disclosures, answers to interrogatories, responses to requests for admission, documents produced in response to requests for production of documents or subpoenas and deposition testimony that is designated by the producing party as "Confidential." Documents and written discovery responses may be designated as Confidential Information by legibly marking the originally produced or provided copies as "Confidential." Portions of deposition testimony may be designated as Confidential on the record during the deposition, or in writing to all counsel of record within thirty days after the conclusion of the deposition.

3. Confidential Information shall not be disclosed or made available to persons other than Qualified Persons. The term "Qualified Person" means:

(a) Attorneys of record in this case (including their partners, associates, legal assistants and briefing clerks) and regular clerical employees to whom it is necessary that the material be shown for the purposes of this litigation;

(b) Each party or such party's appointed representative(s);

(c) Any third party expert or consultant retained by counsel to assist in the preparation of this case who is not employed by, affiliated with, or associated with a party, or to testify at trial or any other proceeding in this case;

(d) Any person testifying at a deposition, hearing or at trial, provided there is a reasonable basis to believe that the witness will give relevant testimony regarding the Confidential Information;

(e) Any person who authored or previously received the material;

(f) Independent contactors such as commercial photocopying services, printers or illustrators;

(g) Stenographic reporters and videotape technicians engaged in deposition proceedings and their regularly employed staff;

(h) The Court; and

(i) Any other person designated as a Qualified Person by order of this court, after notice and hearing to all parties.

4. With the exception of the persons designated under paragraph 3(a) and 3(h), before any Confidential Information may be disclosed or disseminated to any person identified in paragraph 3, that person must sign a Consent to be Bound by Protective Order reciting that they have read the Agreed Protective Order, promises to fully comply, consents to the jurisdiction of this Court in connection with the enforcement of the Agreed Protective Order and to be bound by its terms. Copies of the consents will be provided to the opposing party or parties upon request at the conclusion of this lawsuit.

The designating party is bound by the terms of this Protective Order just as the receiving party and must submit Confidential Information under seal just as the receiving party.

5. A party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge and shall not constitute an admission as to the propriety of the designation or a waiver of the right to challenge the designation at trial or hearing on the merits. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first attempt to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot

be resolved, the party who asserts the disputed material constitutes confidential designation shall move the Court, with notice to the opposing party, for an order to preserve and grant the designated status of this information. The parties agree to preserve the confidential nature of the documents produced until the appropriate order of the Court.

6. The parties may, by written stipulation, provide for exceptions to this Order, and any party may seek an order of this Court modifying this Agreed Protective Order.

7. Within thirty days after the final conclusion of this lawsuit and after all appeals have been exhausted, any party may request in writing that another party return all Confidential Information designated or produced by the requesting party and all copies thereof. Within ten (10) days of receipt of such a request, the receiving party shall forward the request to any Qualified Person who signed a Consent to be Bound by Protective Order under Paragraph 4, at the address of the Qualified Person. Within forty-five (45) days of receipt of such request, the receiving party or Qualified Person shall return to the producing party any Confidential Information, and all copies thereof, in that receiving party's or Qualified Person's possession. The term "conclusion of this lawsuit" means the date on which a final order of judgment has been entered from which no appeal lies or from which no review can be taken, or the date upon which a settlement of all claims in this case is finalized.

8. Filing of Confidential Information with the Court shall not change the confidential nature of that information or the obligations of the parties, Qualified Persons and Consents under this Agreement with respect to that information.

9. Except as provided in Paragraph 8 herein or order of this Court, this Agreed Protective Order and any other protective orders entered in this action shall continue to be binding at on the Parties at the conclusion of this litigation.

10. This Order is intended to aid the parties in discovery. It does not bind the Court at the time of trial from making its own determination whether information is Confidential.

11. This Order shall not bar any attorney in the course of rendering advice to his client with respect to this litigation from conveying to such client his evaluation of Confidential Information produced or exchanged herein.

Signed October 28, 2013

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE

Agreed to by:

**SHAN DAVIS & ASSOCIATES**
**DBA DAVIS|STIBOR**

/s/ Shan Davis_____
Shan Davis
410 S. Rampart Blvd., Ste. 390
Las Vegas, NV 89145

*Attorney for Defendant*

**HAINES & KREIGER**

/s/ David Kreiger_____
David Krieger
5041 N. Rainbow Blvd.
Las Vegas, NV 89130

*Attorney for Plaintiff*